FILED
SUPERIOR COURT
OF GUAM

2021 MAR 22 PM 3: 49

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BANK OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY JOHN SANTOS DIAZ,<br><br>Defendant. | CIVIL CASE NO. CV0416-20<br><br>DECISION AND ORDER RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This matter came before the Honorable Dana A. Gutierrez on February 3, 2021 for a hearing on Plaintiff Bank of Guam's ("Plaintiff") Motion for Summary Judgment. Present via Zoom were Attorney Mark Beggs representing Plaintiff and Attorney Vanessa Williams representing Defendant Anthony John Santos Diaz ("Defendant"). At the hearing, the parties did not request oral argument, and the Court took the matter under advisement based on the pleadings. After reviewing the record and relevant law, the Court finds that Defendant failed to provide specific facts indicating a genuine issue for trial. The Motion for Summary Judgment is therefore **GRANTED**.

## UNDISPUTED FACTS

Plaintiff holds a Note executed by Defendant. Decl. of Christopher Adawag, at ¶ 5 (Dec. 15, 2020); Deft.'s Answer, at ¶ 2 (Sept. 3, 2020) (admitting that Plaintiff holds the Note).

Plaintiff alleges that Defendant failed to make payments on the account for the principal balance, $43,311.71; accrued interest, $5,782.27; plus interest at a rate of 12.5% *per annum* from December 2, 2020; and reasonable attorneys fees in an amount not to exceed 15% of the unpaid balance of $7,364.01. Decl. of Christopher Adawag, at ¶¶ 6-7. Defendant admits that he failed to make the required payments. Deft.'s Answer ¶ 3. While Defendant asserts that he is without sufficient knowledge as to the balance due, he offers no alternative calculations as to the amount due.

## DISCUSSION

Under Rule 56(c) of the Guam Rules of Civil Procedure ("GRCP"), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with other affidavits, if any, show there is no genuine issue of material fact that the moving party is entitled to a judgment as a matter of law." Summary judgment is proper only where there is no genuine dispute as to any material fact. GRCP 56(c).

When a motion for summary judgment is made, an adverse party may not rest upon allegations or denials of the adverse party's pleading. GRCP 56(e). The adverse party's response must set forth specific facts showing that there is a genuine issue for trial. *Id.* If, after adequate time for discovery, the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then summary judgment is required. *Kim v. Hong*, 1997 Guam 11 ¶ 8. When deciding a motion for summary judgment, "the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7.

2

Generally, in a contract dispute, a motion for summary judgment may be granted only where the agreement's language is unambiguous and conveys a definite meaning. *Edwards v. Pac. Fin. Corp.*, 2000 Guam 27 ¶ 9 (citing *John Hancock Mutual Life Ins. Co. Amerford Int'l. Corp.*, 22 F.3d 458 (2nd Cir. 1994)). Contract language is unambiguous when it has "a definite and precise meaning, unattended by danger of misconception in the purport of the [contract] itself and concerning which there is no reasonable basis for a difference of opinion." *John Hancock Mutual Life Ins. Co.*, 22 F.3d at 461. "A contract must be interpreted as to give effect to the mutual intentions of the parties at the time of contracting." *Edwards*, 2000 Guam 27 ¶ 9 (citing 18 GCA § 87102).

Here, it is undisputed that Defendant executed the Note and that he failed to make the required payments. Decl. of Christopher Adawag, ¶¶ 5-6; Deft.'s Answer ¶¶ 2-3. Because failing to make payments required by the Note constitutes "Payment Default," according to the Note's "Default" provision, Plaintiff is permitted to declare the immediate payment of the entire unpaid principal balance under the Note and all accrued unpaid interest due. Decl. of Christopher Adawag, Exhibit A. Accordingly, upon acceleration, Defendant was obligated to pay the entire unpaid principal balance and accrued interest.

Plaintiff's calculations are supported by its evidence and are undisputed. The Note indicated the execution date as June 8, 2018, at which time Plaintiff lent Defendant $50,000 at an annual percentage rate of 12.5%. Decl. of Christopher Adawag, Exhibit A. The payment schedule required Defendant to pay 71 payments of $994.91 beginning July 20, 2018, and one last irregular payment of $996.65. *Id.* Defendant made some payments toward the principal balance, however, the principal balance due is $43,311.71. Decl. of Christopher Adawage, at ¶

6. Because Defendant provides no evidence of alternative calculations or to establish an issue of material fact as to the principal balance owed, the Court finds that at the time Defendant defaulted, the balance due on the Note was $43,311.71.

As to the issue of interest, the Note's "Payment" provision provides that Defendant promised to pay the "principal and all accrued interest not yet paid." Decl. of Christopher Adawag, Exhibit A. The interest rate indicated in the Note is 12.5%. *Id.* Additionally, the "Lender's Rights" provision in the Note states that "[u]pon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due[.]" *Id.* As Defendant provides no evidence refuting the plain language of the Note, the Court finds no issue of material fact as to Defendant's obligation to pay the interest accrued prior to default.

With regard to the additional interest, the Note's "Interest After Default" provision provides that "because of [Defendant's] default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note." *Id.* The interest rate indicated in the Note is 12.5%. *Id.* While not clearly stated in the Note, the declaration of Christopher Adawag indicates that the additional interest accrues until Judgment is entered. Decl. of Christopher Adawag, at ¶ 6. Accordingly, the Court finds no issue of material fact as to whether Defendant is obligated to pay the additional interest that accrues on the total sum due upon his default at a rate of 12.5% from December 20, 2020 until Judgment is entered.

Lastly, regarding reasonable attorney fees due, the Note's "Attorneys' Fees; Expenses" provision clearly indicates that "[Plaintiff] may . . . pay someone . . . to help collect this Note if [Defendant] does not pay. [Defendant] will pay [Plaintiff] that amount. This includes

4

[Plaintiff's] reasonable attorneys' fees and . . . legal expenses . . . not to exceed 15% of the unpaid debt after default[.]" Decl. of Christopher Adawag, Exhibit A. Plaintiff is requesting $7,364.01 in attorney fees and expenses which does not exceed 15% of the total amount due after default, or $49,093.98. Defendant does not provide evidence of an alternative calculation; therefore, the Court finds that this is a reasonable request for attorney fees and expenses under the Note.

Accordingly, the Court finds that summary judgment is proper for Plaintiff because the Note and declaration of Christopher Adawag establish that upon default, Defendant is liable to pay: 1) the principal balance of $43,311.71; 2) accrued interest prior to the default of $5,782.27; 3) additional interest that accrues from December 20, 2020 until Judgment is entered at the rate of 12.5% *per annum*; and 4) reasonable attorney's fees and costs of $7,364.01.

## CONCLUSION

For the above reasons, the Court hereby **GRANTS** Plaintiff's Motion for Summary Judgement. Plaintiff may submit a proposed judgment consistent with this Decision and Order.

**SO ORDERED**, this 22nd day of March, 2021.

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

M. Pego s

V. Williams

Date: _____ Time: 3/22/21

Deputy Clerk, Superior Court of Guam

5